UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| KEVIN McCABE, | ) | 2:08-CV-01232-PMP-GWF |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| RAMPARTS, INC., d.b.a. LUXOR HOTEL AND CASINO aka LUXOR-LAS VEGAS, et al., | ) | |
| Defendants. | ) | |

     This action arises from events occurring on August 5, 2006, when Plaintiff Kevin McCabe allegedly dove into a swimming pool at Defendant Luxor Hotel rendering himself a quadriplegic. Plaintiff filed his original Complaint on July 10, 2008, alleging claims for negligence and negligence per se. On April 17, 2009, Plaintiff filed a Second Amended Complaint (Doc. #21) restating his claims for negligence and negligence per se, but adding a Third Cause of Action for Strict Products Liability.

     On May 7, 2009, Defendant Ramparts, Inc., d.b.a. Luxor Hotel and Casino filed a Motion to Dismiss Plaintiff's Third Cause of Action (Doc. #22). Having read and considered the arguments set forth by the parties with respect to

Defendant's fully briefed Motion to Dismiss, the Court finds that Defendant's Motion to Dismiss Plaintiff's Third Cause of Action for Strict Products Liability must be granted.

Specifically, the Court rejects Plaintiff's argument that additional discovery should be completed to enable Plaintiff to respond to Defendant's Motion to Dismiss. Defendant's motion is brought for relief as a matter of law under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and should be granted because accepting the allegations set forth in the Third Cause of Action of Plaintiff's Second Amended Complaint as true, Plaintiff fails to state a claim for Strict Products Liability upon which relief could be granted. Specifically, Plaintiff has not, and clearly cannot allege that Defendant is engaged in the business of manufacturing or selling swimming pools. Neither does Plaintiff identify component parts of the swimming pool which are allegedly defective. Regardless, given its status as the owner of the premises on which the swimming pool in question is located, Defendant cannot be liable for Strict Products Liability under the law of the State of Nevada.

**IT IS THEREFORE ORDERED that** Defendant Ramparts, Inc., d.b.a. Luxor Hotel and Casino Motion to Dismiss Plaintiff's Third Cause of Action for Strict Products Liability (Doc. #22) is GRANTED.

DATED: June 9, 2009.

_____
PHILIP M. PRO
United States District Judge