```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
```

KEVIN McCABE,                  )
                               )
    Plaintiff(s),              )
                               )
vs.                            )      Case 2:08-CV-1232-PMP-GWF
                               )
RAMPARTS, INC., d/b/a LUXOR    )
HOTEL AND CASINO, etc.         )      MINUTES OF THE COURT
                               )
    Defendant(s).              )      DATED: February 24, 2012

PRESENT: THE HONORABLE PHILIP M. PRO, U.S. DISTRICT JUDGE

DEPUTY CLERK: Donna Sherwood        RECORDER: Joan Quiros

COUNSEL FOR PLAINTIFF(S): David A. Tanner, Robert W. Cottle

COUNSEL FOR DEFENDANT(S): Esther P. Holm, Dustin E. Woods,
                          Jeffrey D. Olster

PROCEEDINGS: **HEARING ON PENDING MOTIONS**

9:30 a.m. Court convenes.

The Court and counsel confer on a new trial date. Counsel estimate fifteen days for trial. **IT IS ORDERED** the trial will commence on **July 9, 2012, at 9:00 a.m.** All final motions in limine shall be filed by **May 9, 2012.**

The Court hears the argument of counsel.

**IT IS ORDERED** as follows:
    [241] Defendants' Motion in Limine No. 17 to Exclude References to the Fact that Luxor Counsel is from California is **GRANTED.**
    [108] Plaintiff's Motion in Limine No. 3 to Exclude Argument that the Environmental Cues at the Pool Warned Kevin McCabe that the Entire Pool was a Dangerous 3-1/2 feet Deep and [109] Plaintiff's Motion in Limine No. 4 to Exclude Reference to or Comment on Plaintiff's Consumption of Alcohol are **DENIED.**
    [116] Defendants' Motion to Bifurcate Trial and [130] Defendants' Motion in Limine No. 3 for Order Allowing the Admissibility of Four Photographs Depicting People in the Pool are **DENIED.** Counsel shall file supplements to Defendants' Motion [130] by 3/2/2012 and the Court will consider those.

[131] Plaintiff's Motion in Limine No. 5 to Enforce the Express Purpose of NAC 444.116(4) and Exclude Reference to Simple Instructions and Information as Warning Signs and [132] Plaintiff's Motion for Sanctions Due to Spoliation of Evidence are **DENIED.**

[133] Plaintiff'S Motion in Limine No. 6 to Exclude Speculative Evidence of the Location and Orientation of Other Persons in the Pool at the Time of McCabe's Injury is **GRANTED** to the extent it seeks to exclude speculative testimony and **DENIED** beyond that.

[138] Defendants' Motion in Limine No. 4 to Admit Evidence of Plaintiff's Alcohol Consumption, [139] Defendants' Motion in Limine No. 5 to Exclude all Evidence Regarding Prior Accidents and [140] Defendants' Motion in Limine No. 6 to Exclude Evidence of Subsequent Remedial Measures are **GRANTED.**

[142] Plaintiff's Motion in Limine No. 8 to Admit Subsequent Remedial Measures and [148] Plaintiff's Motion in Limine No. 10 to Preclude the Luxor From Arguing that the Hazards/Dangers of the Shallow Pool Were "Open and Obvious" and From Attempting to Shift Their Non-Delegable Duty to Warn McCabe of the Hazards/Dangers of the Pool to the Speculative Evidence of People Standing in the Pool While McCabe was Poolside are **DENIED.**

[145] The Court defers ruling on Plaintiff's Motion in Limine No. 9 to Exclude Arguments About Not Being Cited as Evidence of No Negligence until the time of trial.

[149] Plaintiff's Motion in Limine No. 10 to Exclude Certain Opinions by Oostman that are Unfounded and Improper is **DENIED** to the extent it was not settled by the parties. **The Court takes under submission only the question of expert testimony re industry standard for universal no diving symbols on the horizontal border of the pool.**

[155] Defendants' Motion for Sanctions for Spoliation of Evidence is **DENIED.**

[161] Defendants' Motion in Limine No. 8 to Exclude Evidence of Luxor's Corporate Size and Ownership, Revenue, Profits and Financial Condition [161] is **GRANTED.**

[163] Plaintiff's Motion in Limine No. 12 to Exclude Arguments by the Luxor that None, or Very Few, Prior Diving Accidents or Injuries Occurred at the Pool is **DENIED.**

[207] Defendants' Motion in Limine No. 11 to Preclude Plaintiff from Offering Evidence and Argument Regarding Alleged Negligence by Luxor Lifeguards and Alleged Negligent Hiring, Training and Staffing of Lifeguards and [220] Defendants' Motion in Limine No. 12 to Exclude Evidence of Subsequent Diving Accidents are **GRANTED.**

```
2:08-CV-1232-PMP-GWF
2/24/2012
Page 3
```
---

The Court finds the following motions stand submitted:
    [106, 107] Plaintiff's Motions in Limine No. 1 and No. 2 to Exclude Defendant's Expert Witness Opinions and Testimony that Violate the Nevada Collateral Source Rule.
    [129] Defendants' Motion in Limine No. 2 to Exclude Opinions of Stan V. Smith Regarding Hedonic Damages.
    [137] Plaintiff's Motion in Limine No. 7 to Exclude Arguments that the Warnings at the Luxor Complied with Nevada Law.
    [202] Defendants' Motion in Limine No. 9 to Exclude Speculative Testimony by Plaintiff's Expert Witnesses.
    [203] Defendants' Motion in Limine No. 10 to Exclude Testimony and Opinions of Plaintiff's Expert Witnesses on Issues of Law.

3:00 p.m. Court adjourns.

                                      LANCE S. WILSON, CLERK
                                      By:
                                      /S/_____
                                      Donna Sherwood, Deputy Clerk