UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| KEVIN MCCABE,              )<br>                                            )<br>           Plaintiff,         )<br>                                            )<br>vs.                                     )<br>                                            )<br>RAMPARTS, INC., d/b/a/ LUXOR )<br>HOTEL AND CASINO aka   )<br>LUXOR-LAS VEGAS,         )<br>                                            )<br>           Defendant.       )<br>                                            )<br>_____) | 2:08-CV-01232-PMP-GWF<br><br>**ORDER** |

Before the Court for consideration is Plaintiff's Motion for Sanctions due to Withheld Witness Statements (Doc. #217).

The Motion is fully briefed and the record establishes that voluntary statements of two percipient witnesses, Ben Elliott and Christina Jensen, provided to Defendant on August 10, 2006 and August 21, 2006, respectively, were not produced in discovery for Plaintiff until December 22, 2011. Plaintiff contends Defendant's tardy production of the two voluntary statements constitutes spoiliation of evidence sufficient in the context of this entire case to warrant the striking of any liability defenses tendered by Defendants. The Court finds Defendant's tardy production of the two voluntary statements to be sanctionable, but not to the extent requested by Plaintiff.

Timely production and supplementation of discovery is the mutual responsibility of all parties in any civil action.  The Court finds no basis to conclude that Defendant's failure to timely produce the voluntary statements of Ben Elliott and Christina Jensen was intentional, bu the tardy production is nonetheless a source of prejudice to Plaintiff with regard to trial preparation.  The Court will remedy this prejudice as follows:

**IT IS ORDERED that** Plaintiff's Motion for Sanctions Due to Withheld Witness Statements (Doc. #217) is **Granted** to the extent that Defendants shall, within forty-five days of the date of this Order, and a date and time mutually convenient to counsel for both Parties and the witnesses, produce witnesses Ben Elliott and Christina Jensen for deposition at Las Vegas, Nevada.  Defendant shall bear all costs in connection with the depositions and production of witnesses for the same, and shall also pay a reasonable attorney's fee for the attendance of the attorney who conducts the deposition on behalf of Plaintiff.

DATED: April 16, 2012.

_____
PHILIP M. PRO
United States District Judge