UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN McCABE,<br><br>        Plaintiff,<br><br>v.<br><br>RAMPARTS, INC. dba LUXOR HOTEL AND CASINO aka LUXOR HOTEL/CASINO aka LUXOR-LAS VEGAS,<br><br>        Defendants. | 2:08-CV-1232-PMP-GWF<br><br><u>ORDER</u> |

        Presently before the Court is Plaintiff Kevin McCabe's Motion in Limine 2 (Doc. #107), filed on October 5, 2011.  Defendants filed an Opposition (Doc. #111) on October 21, 2011.  Plaintiff filed a Reply (Doc. #118) on November 4, 2011.

        Plaintiff is a citizen of Ireland and of the United States, who prior to his injury at the Defendant's Luxor Hotel, and since, has resided in Ireland.  As a result of his Irish citizenship and residence, Plaintiff has received free medical services as part of Ireland's socialized medicine system. By this Motion, Plaintiff argues evidence that he has and will likely  continue to receive free medical services from the Irish government, or that he has any other health insurance that pays some of his medical expenses should not be admissible before the jury at trial under Nevada's collateral source rule and under FRE 403. Defendants respond that such evidence of the free medical services Plaintiff receives in Ireland is not a collateral source and thus the rule does not apply.

///

In <u>Proctor v. Castelletti</u>, the Nevada Supreme Court adopted a "per se rule barring the admission of a collateral source of payment for an injury into evidence for any purpose." 911 P.2d 853, 854 (Nev. 1996). Although the Nevada Supreme Court has not ruled on the issue of whether the collateral source rule bars evidence of free medical services provided by a foreign government, the Nevada Supreme Court has suggested, without ruling, that the collateral source rule would apply to medical expense write-downs. <u>Tri-County Equip. & Leasing, LLC v. Klinke</u>, No. 55121, 2012 WL 2459701, at *4 n.6 (Nev. June 28, 2012). The concurring opinion in <u>Klinke</u> specifically addressed the issue and reasoned that evidence of write-downs should be excluded for three reasons: (1) the plaintiff paid consideration (insurance premiums) for the benefit received (write-downs negotiated by the insurer), (2) admitting the evidence would lead to jury confusion over side issues (the relationships between the insurer and the medical providers), and (3) any windfall should go to the plaintiff. <u>Id.</u> at *5-6.

The concurring opinion in <u>Klinke</u> suggests that given the opportunity, the Nevada Supreme Court would rule that the collateral source rule bars admission of evidence of medical services provided by the Irish government through it's socialized or universal medical system. First, under a socialized or universal medical system, citizens pay taxes instead of premiums for the benefits received. Therefore, similar to the plaintiff in <u>Klinke</u>, presumably Plaintiff has paid consideration (taxes in Ireland) for the benefit received (free medical services). Second, admitting evidence that Plaintiff has and continues to receive free medical services from the Irish government would likely confuse the jury and would potentially prejudice Plaintiff. The jury in this case must first determine the issue of liability on Plaintiff's claim of Negligence. Assuming it finds Defendant's liable, the jury must also determine what is the reasonable value of Plaintiff's medical services, not what Plaintiff has actually paid for his medical services, or will actually pay for such services in the future. Similar to insurance benefits, someone else is paying for Plaintiff's medical

services (the tax payers of Ireland).  Therefore, side issues, including whether the Irish government has subrogation rights, whether Plaintiff will remain in Ireland, and whether Ireland will continue to provide free medical services to Plaintiff, could lead to jury confusion and prejudice Plaintiff.  Moreover, in the event the jury in this case returns a verdict in favor of Plaintiff and awards medical expenses as a component of recoverable damages, the parties are free to address the issue of any offset or other relief based upon collateral sources. Third, to the extent one party receives a windfall, the windfall should go to Plaintiff not Defendants.  See Lopez v. Safeway Stores, Inc., 129 P.3d 487, 496 (Ariz. Ct. App. 2006).  Defendants should not benefit from the fact that Plaintiff receives free medical services from the Irish government instead of insurance benefits from an insurance provider.  Regardless of what post-verdict avenues may be available to the parties, the Court is satisfied that no evidence, testimony or argument concerning the availability or receipt of free medical services to Plaintiff from Ireland or other medical insurance should be admitted before the jury at trial.

IT IS THEREFORE ORDERED that Plaintiff Kevin McCabe's Motion in Limine 2 (Doc. #107) is hereby GRANTED.

DATED:  July 11, 2012

_____
PHILIP M. PRO
United States District Judge