UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| KEVIN MCCABE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RAMPARTS, INC., d/b/a/ LUXOR<br>HOTEL AND CASINO aka<br>LUXOR-LAS VEGAS,<br><br>　　　　　Defendant. | 2:08-CV-01232-PMP-GWF<br><br>**ORDER** |

　　　　Before the Court for consideration are Defendant's Motion in Limine [No. 9] to Exclude Speculative Testimony by Plaintiff's Expert Witnesses (Doc. #202), Defendants Motion in Limine [No. 10] to Exclude Testimony and Opinions of Plaintiff's Expert Witnesses on Issues of Law (Doc. #203), and Plaintiff's Motion in Limine [No. 11] to Exclude Certain Opinions by Michael Oostman (Doc. #149). Each of the foregoing motions if fully briefed.

　　　　On July 9 and 10, 2012, the Court conducted an evidentiary hearing to consider the admissibility of testimony by various expert witnesses tended by Plaintiff and Defendant in accord with *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993) and Fed. R. Evid. 702 and 703.

/ / /

Four of the experts tendered by Plaintiff at the *Daubert Hearing* are proffered as pool safety experts from the perspective of pool design and construction (David Morrill), safety engineering and human factors (David Thompson, Ph.D.), aquatic safety and aquatic risk management (Shawn DeRosa), and safety in connection with the construction and operation of swimming pools and amusement and water parks (Charles Haines). The sole pool safety expert tendered Defendant at the *Daubert Hearing* was Michael Oostman, an aquatic safety consultant.

Based upon their experience, training, or education, each of the proposed expert witnesses tendered by the parties possess expert knowledge relating to pool safety, particularly as it relates to the adequacy and location of pool safety warning signs and pool depth markings, as well as the training and supervision of swimming pool lifeguards. It is with respect to these limited areas that the Court finds expert testimony may be helpful to the trior of fact to understand the evidence or to determine a fact in issue relating to Plaintiff's negligence claim. Defendant's proposed pool safety expert, Michael Oostman, possesses demonstrable qualifications in each of these areas and will be permitted to testify at trial as an expert witness on behalf of Defendant subject to appropriate objections to questions which call for testimony from Mr. Oostman that is either beyond the scope of his expertise or otherwise inadmissable.

Similarly, the four expert witnesses proposed by Plaintiff also have demonstrated their expertise, but the Court finds that they are redundant and cumulative with respect to the areas of inquiry that the Court finds may be helpful to the trior of fact. With the exception of the proposed testimony of Shawn DeRosa regarding the training, placement and supervision of swimming pool life guards, all four experts tendered by Plaintiff overlap significantly with respect to their testimony concerning the adequacy of swimming pool warning and safety signs,

and pool depth marking.  The Court finds it appropriate to permit Plaintiff to call Shawn DeRosa to counter Defendant's expert Michael Oostman on the subject of the training, placement and supervision of lifeguards.  However, simply because, as argued by Plaintiff, the testimony of each of Plaintiff's proposed four experts concerning the adequacy of pool safety warning signs and pool depth markers is offered from the perspective of their particular fields of expertise, does not alter the fact that it is unnecessarily and impermissibly commutative and hence more prejudicial than helpful to the trior of fact on these issues.  As a result, the Court will limit Plaintiff to one (1) expert witness for purposes of offering testimony on the subjects of pool safety warning signs and pool depth markers.  Plaintiff may select the expert witness he wishes to offer in this regard at trial, and shall designate that person in writing at least thirty (30) days prior to the commencement of trial.

Based upon the foregoing, and good cause appearing,

**IT IS ORDERED that** Plaintiff's Motion in Limine [No. 11] to Exclude Certain Opinions by Michael Oostman (Doc. #149) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motions in Limine [No. 9 & No.10] to Exclude Expert Opinion Testimony (Docs. # 202 & #203) are **GRANTED** to the limited extent provided above and **DENIED** in all other respects.

DATED: July 13, 2012.

_____
PHILIP M. PRO
United States District Judge